UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM H. NOBLE,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Civil Action No. 24-2324 (JHR)<br><br>**MEMORANDUM AND ORDER** |

　　　　Petitioner has filed a motion to vacate, set aside or modify sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1, ("Petition")). Petitioner raises claims in which he asserts that his prior counsel provided ineffective assistance. (*See id.*) On June 28, 2024, the Court ordered Respondent to file an answer to the Petition. (ECF No. 3.) The Government request for an extension of time to file a response. (ECF No. 5.)

　　　　Additionally, the Government has filed a letter requesting that this Court find that Petitioner has waived attorney-client privilege as to information related to his ineffective assistance claims so that the Government may interview Petitioner's former counsel. (ECF No. 4). Specifically, the Government requests permission to interview Petitioner's criminal defense counsel, Martin I. Isenberg, Esq. (*Id.*) Petitioner has not opposed this request.

　　　　The Third Circuit has held that a party implicitly waives their attorney-client privilege when they place the legal representation they received directly in issue. *See Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012); *U.S. Fire Ins. Co. v. Asbestopsray, Inc.*, 182 F.3d 201, 212 (3rd Cir. 1999); *Livingstone v. N. Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996); *Rhone-Poulenc Rorer Inc. v. Home Indent. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *see also Ragbir v. United*

*States*, No. 17-1256, 2018 WL 1871460, at *2-3 (D.N.J. Apr. 19, 2018). Where a habeas petitioner "claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *Ragbir*, 2018 WL 1871460 at *2 (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)). This waiver, however, is not unlimited in scope – the petitioner claiming ineffective assistance impliedly waives attorney-client privilege only "with respect to communications with his attorney necessary to prove or disprove his claim[s]." *Pinson*, 584 F.3d at 978; *see also Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (courts "must impose a waiver no broader than needed to ensure fairness of the proceedings before it"); *Ragbir*, 2018 WL 1871460 at *2 (implied waiver limited "to attorney-client communications that are necessary for the resolution of the claims at hand").

Because Petitioner has placed his counsel's representation of him in issue by raising claims of ineffective assistance of counsel, this Court finds that Petitioner has waived his attorney-client privilege as to any communications with counsel "necessary to prove or disprove his claim[s]". *Pinson*, 584 F.3d at 978. The Government's request for a finding of waiver of privilege and for permission to interview Petitioner's prior counsel shall therefore be granted.[1]

Accordingly,

IT IS therefore on this 2nd day of August, 2024,

---

[1] Although this Court will grant the Government's request for a finding of waiver of privilege and for permission to interview Petitioner's prior attorney, because "a witness may of his own free will refuse to be interviewed by either the [Government] or [Petitioner]," this Court will not compel Petitioner's prior counsel to speak with the Government. *See United States v. Bryant*, 655 F.3d 232, 239 (3d Cir. 2011). Petitioner's former attorney is free to speak with the Government if he so chooses as Petitioner has waived attorney-client privilege as discussed above. Should a hearing be necessary in this matter, however, counsel would almost certainly be required to attend, and counsel should consider that fact in deciding whether to accept the Government's request for an interview.

ORDERED the Government's request to interview counsel (ECF No. 4) is GRANTED; and it is further

ORDERED that this Court finds that Petitioner has impliedly waived attorney-client privilege as to any and all communications related to the allegations of ineffective assistance of counsel raised in Petitioner's motion to vacate sentence; and it is further

ORDERED that the Government may interview Petitioner's prior attorney, Martin I. Isenberg, Esq, prior to filing its answer in this matter; Petitioner's former attorney remains free to speak or not speak with the Government as they so choose; and it is further

ORDERED the Government's request for an extension of time to file a response (ECF No. 5) is GRANTED and said response is due within 45 days of the date of this Order; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail.

_____
HON. JOSEPH H. RODRIGUEZ
United States District Judge